Froessel, J. (dissenting).
We vote to reverse. In the settlement agreement of May 29, 1959, it was provided that “ all ” claims other than the rights and obligations contained in that agreement which any of the parties had against any other party “ are released and forgiven”. On June 25, 1959, pursuant to said May 29th agreement, a general release was given to appellant and his wife by respondent and his wife ‘£ excepting only obligations arising out of ’ ’ the May 29, 1959 agreement. It further provided: ££ This release may not be changed orally.” It is unambiguous and has never been set aside. As Mr. Justice Yalexte said aptly below, ££ If arbitration is to be permitted in this case, no release, irrespective of its clarity and unequivocal language, is safe from collateral attack by the mere assertion by a party that he did not intend to mean what the release says. We undermine the foundations of general releases if we permit arbitration here.”
*161 We cannot conceive how it may reasonably be said that the arbitration provision of the 1952 agreement survived the May 29, 1959 agreement and the June 25, 1959 release. There was no longer a subsisting promise to arbitrate (Matter of Minkin [Halperin], 304 N. Y. 617; Matter of Kramer & Uchitelle, 288 N. Y. 467,471). Merely asserting a dispute as to an unequivocal, unambiguous general release which provides that it may not be changed orally does not create an arbitrable issue (Matter of Binger [Thatcher], 304 N. Y. 627; Matter of Minkin [Halperin], supra). The January 28, 1959 release has nothing to do with this appeal. The release here involved is not a conditional one, nor is it a purported release or cancellation of an arbitration agreement. It is as clearly unequivocal as words can make it. As Judge Fuld said in Raleigh Associates v. Henry (302 N. Y. 467, 473), “ we concern ourselves with what the parties intended, but only to the extent that they evidenced what they intended by what they wrote ’ ’.
The order appealed from should be reversed and the stay of the arbitration granted, with costs.
Chief Judge Desmond and Judges Burke and Foster concur with Judge Fuld; Judge Froessel dissents in an opinion in which Judges Dye and Van Voorhis concur.
Order affirmed.